**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
SMART TAX HOLDINGS,LLC.,

                Plaintiff,

        -against-                          **FIRST AMENDED**
                                                   **COMPLAINT**

MARCHEX SALES, INC.,                        11-CV-4619

                Defendant.
-------------------------------------------------------------------X

    Plaintiff, by its attorney, Todd Wengrovsky, respectfully sets forth and alleges:

## I.
## JURISDICTION

    1. This is an action for infringement of a Registered Trademark under 15 USCS 1051, et. seq. The Court has jurisdiction over the claims under 15 USCS 1051 et seq., as well as 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction.

## II.
## VENUE

    2. Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, and that Plaintiff is located within this district.

## III.
## THE PARTIES

    3. At all relevant times, Plaintiff Smart Tax Holdings, LLC. is and was a limited liability company organized and existing under the laws of the State of Florida, and having its principal place of business within this District in Brooklyn, New York.

    4. Upon information and belief, Defendant is and was a corporation organized and existing under the laws of the State of Nevada, and having a place of business at 4425 W. Spring Mountain

Road, Suite 210, Las Vegas, NV 89102, as well as a place of business at 44 E. 30th Street, New York, NY 10016.

## V.
## BACKGROUND AND FACTS

### A. Plaintiff's Trademark "SMART TAX"

5. Plaintiff Smart Tax Holdings, LLC. provides tax consultation, tax preparation, and tax filing services.  Plaintiff has used the mark "SMART TAX" in United States commerce for over five years.

6. Plaintiff filed a United States Trademark Application for the word mark SMART TAX on February 17, 2006, Serial Number 78/817,386.

7. United States Trademark Registration 3,539,156 was then granted to Plaintiff on November 25, 2008, a copy of which is attached hereto as **EXHIBIT A**.  The Registration identifies the relative services as "Tax consultation; Tax filing services; Tax preparation."

8. Regarding commercial usage of the mark SMART TAX, Plaintiff has become a leader in the tax industry, and has rapidly expanded to a total of twenty-six franchise locations in four states.

9. As a result of continued widespread promotion and usage of the SMART TAX mark, Plaintiff's mark has become associated with effective, reliable services, as well as a high degree of professionalism.

### B. Defendant's Infringement Of Plaintiff's Registered Trademark

10. Defendant Marchex Sales, Inc. is using Plaintiff's identical mark in association with its own website, without authorization, for the purpose of financial gain.

11. Specifically, Defendant is the owner and operator of an Internet website www.SmartTax.com.

12. As shown in **EXHIBIT B**, a printout of the www.SmartTax.com welcome page, Defendant's website offers a variety of tax services, including income tax preparation and filing, tax help and consultation, and direct links to several of Plaintiff's competitors.

13. As such, the services promoted on Defendant's website compete directly with the services offered by Plaintiff to Plaintiff's detriment.

14. Per 15 U.S.C. 1114, a plaintiff's trademark is protected by federal law against infringement by use of colorable imitations of the mark which are "likely to cause confusion, or to cause mistake, or to deceive."

15. Here, the unauthorized mark used by Defendant is not merely similar to Plaintiff's registered trademark, it is <u>identical</u>.

16. Because Defendant's website uses Plaintiff's identical registered trademark, prospective clients of Plaintiff will assume that they are reaching Plaintiff's website, when in fact they are reaching *Defendant's* website.

17. In addition to consumer confusion, such creates an unlawful gain for Defendant, as Defendant is realizing the benefits of usage of Plaintiff's mark.

18. As such, Defendant has infringed Plaintiff's trademark in violation of 15 U.S.C. 1125.

19. In addition, "initial interest confusion" is also recognized by the Second Circuit, and therefore by this Court. Initial interest confusion results when a consumer seeks a particular trademark holder's goods or services, but is instead lured to the product or service of a competitor by the competitor's use of the same or a similar mark. Even though the consumer *eventually*

realizes that the good or service is not the one originally sought, he or she may very well stay with the competitor.

### C. Damages For Trademark Infringement

20. The damage from traditional likelihood of confusion is lost sales to Plaintiff. The damage from initial interest confusion can manifest itself in several ways: (1) the original diversion of the prospective customer's interest to a source that he or she erroneously believes is authorized; (2) the potential consequent effect of that diversion on the customer's ultimate decision whether to purchase caused by an erroneous impression that two sources of a product may be associated; and (3) the initial credibility that the would-be buyer may accord to the infringer's products-customer consideration that otherwise may be unwarranted and that may be built on the strength of the protected mark, reputation and goodwill.

21. Accordingly, Plaintiff seeks damages in the form of: (1) all of Defendant's profits relative to the infringement; (2) the damages sustained by Plaintiff; and (3) the costs of the action pursuant to 15 U.S.C. § 1117(a).

22. In addition, Plaintiff's counsel served Defendant with a cease and desist demand letter dated May 18, 2011 via Federal Express. Defendant failed to respond to same, and has continued to use Plaintiff's Registered Trademark for economic gain.

23. In sum, Plaintiff has expended significant time, effort, and resources in promoting the mark. Plaintiff is being damaged by Defendant's infringement, including lost revenues. Allowing Defendant to continue infringing will cause further damage to Plaintiff, and defy the purpose of the United States Trademark Registration system.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 23 set out supra, with the same force and effect as if fully set forth therein.

25. Plaintiff has made a substantial investment of time, money, skill, and effort to create a strong trade name and strong public association with the Trademark "SMART TAX."

26. Plaintiff was granted United States Trademark Registration Number 3,539,156 for the mark "SMART TAX" on November 25, 2008.

27. During Plaintiff's usage of the mark, markings appeared on Plaintiff's materials serving as notice to the public that the mark was protected by the trademark laws.

28. Defendant has used Plaintiff's identical Registered Trademark in connection with the same industry in which Plaintiff operates.

29. Defendant's usage of Plaintiff's Registered Trademark is likely to cause confusion among relevant consumers.

30. Defendant has violated the terms of the Lanham Act, codified at 15 U.S.C. 1051, et seq.

31. Plaintiff has suffered and will continue to suffer economic losses due to the trademark infringement of Defendant, in violation of 15 U.S.C. 1051, et seq.

32. Plaintiff is unable to ascertain the amount of its actual damages at this time.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Plaintiff's Registered Trademark has been infringed by Defendant;

B. Defendant and its officers, directors, agents, representatives, attorneys and all persons acting and claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation with them, and each of them, be permanently enjoined from

using Plaintiff's Registered Trademark and any and all marks confusingly similar thereto in the United States.

C. Defendant be required to account for their profits from infringement of Plaintiff's Registered Trademark;

D. That the Court award Plaintiff damages against Defendant in an amount adequate to compensate Plaintiff on their first cause of action;

E. That the Court award Plaintiff costs and disbursements of this action as provided by 15 U.S.C. 1117(a); and

F. That the Court award Plaintiff such other and further relief as the Court deems just, proper and equitable.

Dated: Calverton, New York.
      October 22, 2011

      /s/ Todd Wengrovsky
Todd Wengrovsky (TW4823)
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
*Attorney for Plaintiff*