UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SMART TAX HOLDINGS, LLC.,

       Plaintiff,

v.

MARCHEX SALES, INC.,

       Defendant.
-----------------------------------------------------------

11-CV-4619 (DLI) (JMA)

JURY TRIAL DEMANDED

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Marchex Sales, Inc. ("Marchex"), through its attorneys, DLA Piper LLP (US), answers the Amended Complaint (the "Amended Complaint") brought by plaintiff Smart Tax Holdings, LLC. ("Plaintiff") as follows:

**I.
JURISDICTION**

1. The allegations in paragraph 1 state legal conclusions that require no response. To the extent a response is required, Marchex states that it is not contesting subject matter jurisdiction at this time and denies the remaining allegations in paragraph 1.

**II.
VENUE**

2. The allegations in paragraph 2 state legal conclusions that require no response. To the extent a response is required, Marchex states that it lacks information or knowledge sufficient to form a belief as to Plaintiff's location in this district and denies the remaining allegations in paragraph 2.

## III.
## THE PARTIES

3.  Marchex presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.  Marchex denies the allegations in paragraph 4 and avers that it is a Delaware corporation with a principal place of business at 6700 Via Austi Parkway, Suite D, Las Vegas, Nevada.

## V. [sic]
## BACKGROUND AND FACTS

### A. Plaintiff's Trademark "SMART TAX"

5.  Marchex presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.  Marchex presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.  Marchex denies the allegations in paragraph 7 and states that the document annexed to the Amended Complaint as Exhibit A speaks for itself.

8.  Marchex presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.  Marchex denies the allegations in paragraph 9.

### B. Defendant's Infringement of Plaintiff's Registered Trademark

10. Marchex denies the allegations in paragraph 10.

11. Marchex admits the allegations in paragraph 11.

12. Marchex denies the allegations in paragraph 12 and states that the document annexed to the Amended Complaint as Exhibit B speaks for itself.

13. Marchex denies that any of its activities are to "Plaintiff's detriment" and presently lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent a response is deemed necessary, Marchex denies the allegations in paragraph 14.

15. Marchex denies the allegations in paragraph 15.

16. Marchex denies the allegations in paragraph 16.

17. Marchex denies the allegations in paragraph 17.

18. Marchex denies the allegations in paragraph 18.

19. The allegations in paragraph 19 state legal conclusions that require no response. To the extent a response is deemed necessary, Marchex denies the allegations in paragraph 19.

### C. Damages For Trademark Infringement

20. The allegations in paragraph 20 state legal conclusions that require no response. To the extent a response is deemed necessary, Marchex denies the allegations in paragraph 20.

21. The allegations in paragraph 21 state legal conclusions that require no response. To the extent a response is deemed necessary, Marchex denies the allegations in paragraph 21.

22. Marchex admits that it received a letter from Plaintiff dated May 18, 2011 and did not respond to the same. Marchex denies the remaining allegations in paragraph 22.

23. Marchex denies the allegations in paragraph 23.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Answering paragraph 24, Marchex incorporates by reference its answers to paragraphs 1 through 23 of the Amended Complaint into their answer to paragraph 24 as if fully set forth herein.

25. Marchex denies the allegations in paragraph 25.

26. Marchex admits that Plaintiff appears to have been granted United States Trademark Registration No. 3,539,156, but avers that said registration is for the Supplemental Registrar.

27. Marchex presently lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Marchex denies the allegations in paragraph 28.

29. Marchex denies the allegations in paragraph 29.

30. Marchex denies the allegations in paragraph 30.

31. Marchex denies the allegations in paragraph 31.

32. Marchex denies the allegations in paragraph 32.

In response to the WHEREFORE clause following paragraph 32 of the Amended Complaint, Marchex denies that Plaintiff is entitled to any of the relief sought and deny that Marchex is liable to Plaintiff in any amount.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Marchex alleges as follows:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The SmartTax.com domain has been continuously used by Marchex and its predecessor for more than eleven years, far longer than Plaintiff's alleged first use date for the SMART TAX mark, making Plaintiff's claims presumptively barred.

Third Affirmative Defense

Plaintiff is not entitled to maintain this suit or to assert infringement by Marchex by reason of estoppel by laches.  Marchex's use of "SmartTax.com" has been in open and continuous use by Marchex and its predecessor for more than eleven years prior to the filing of this action, to the knowledge of Plaintiff, with no attempt on Plaintiff's part to obtain a judicial determination of its alleged rights with respect to Marchex's use of the domain name.  Marchex has relied to its detriment upon Plaintiff's acquiescence and delay and has continued its use of SmartTax.com and invested substantial sums in promotion and advertising of said domain.  For these reasons, Plaintiff is estopped to allege that any acts of Marchex now constitute an infringement of Plaintiff's alleged trademark rights.

Fourth Affirmative Defense

Plaintiff's alleged trademark, only registered on the Supplemental Register, is merely descriptive of the goods and/or services of Plaintiff and said mark has not become distinctive of Plaintiff's goods and/or services in interstate commerce.

Fifth Affirmative Defense

Plaintiff is not entitled to maintain this suit or to assert infringement by Marchex because Marchex's use of the term "SmartTax.com" is other than as a mark or constitutes fair use.

<u>Sixth Affirmative Defense</u>

To the extent it is determined that Marchex has used SmartTax.com or SMART TAX as a trademark, Plaintiff's registration of SMART TAX on the Supplemental Registrar must be cancelled because Marchex has priority of use.

**PRAYER FOR RELIEF**

**WHEREFORE** having fully answered Plaintiff's Amended Complaint, Marchex hereby requests that:

1. Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice;

2. Any and all of Plaintiff's claims for damages or injunctive relief of any sort or nature be denied;

3. Marchex be awarded its reasonable attorneys' fees pursuant to 15 § U.S.C. 1117(a); and

4. Such other and further relief be provided to Marchex as this Court may deem just and proper.

**COUNTERCLAIM**

**PARTIES**

1. Counter-Claimant Marchex Sales, Inc. ("Marchex") is a Delaware corporation with a principal place of business at 6700 Via Austi Parkway, Suite D, Las Vegas, Nevada.

2. Counter-Defendant Smart Tax Holdings, LLC. claims to be a Florida limited liability company having a principal place of business in Brooklyn, New York.

**JURISDICTION**

3. The Court has subject-matter jurisdiction over this counterclaim under the provisions of 15 U.S.C. § 1121.

## BACKGROUND

4. Since at least as early as 2000, Marchex and its predecessor, who assigned to Marchex the SmartTax.com domain with all goodwill thereto, have continuously used SmartTax.com, a direct navigation and directory services website used by consumers to locate tax-related services.

5. In 2006, years after Marchex and its predecessor had begun using SmartTax.com, Counter-Defendant allegedly began using SMART TAX.

6. In 2008, Counter-Defendant appears to have obtained Trademark Registration No. 3,539,156 on the Supplemental Register for SMART TAX.

7. Counter-Defendant should not have been allowed to maintain Registration No. 3,539,156 due to Marchex's prior use of SmartTax.com.

8. Nevertheless, in 2011, Counter-Defendant filed suit in this Court claiming, among other things, that Marchex has infringed Counter-Defendant's alleged registered mark by virtue of its domain SmartTax.com. Among other things, Counter-Defendant seeks to enjoin Marchex from using the domain SmartTax.com or SMART TAX and to recover damages from Marchex.

9. Marchex has denied that it has infringed Counter-Defendant's alleged trademark.

10. Specifically, Marchex has alleged as follows: Counter-Defendant cannot meet its burden of showing that it has any legitimate rights in SMART TAX; even if Counter-Defendant could show that it has legitimate rights, Marchex has not infringed any such rights because it does not use the phrases "SmartTax.com" or SMART TAX as trademarks; even if the Court found, contrary to Marchex's assertions, that Marchex does use "SmartTax.com" or SMART TAX as trademarks, Marchex still cannot be held liable because its use predates Counter-Defendant's, and Counter-Defendant, therefore, is not entitled to assert infringement by

Marchex.

11. Marchex seeks, through this Counterclaim, to cancel Counter-Defendant's Trademark Registration No. 3,539,156 on the basis of Marchex's prior use and, thus, Counter-Defendant's lack of entitlement to the Registration.

**COUNT ONE**
(Cancellation of Plaintiff's Registration)

12. Marchex hereby realleges, as if fully set forth, the allegations set forth in Paragraphs 1 through 11 of this Counterclaim.

13. Marchex is likely to be damaged by continued registration of Counter-Defendant's U.S. Trademark Registration No. 3,539,156 in that Marchex, prior to Counter-Defendant's alleged use of SMART TAX, has used the SmartTax.com website for direct navigation and directory services of which are of a related nature to Counter-Defendant's services described in said Registration, and which Marchex has a valid and legal right to describe by use of the term registered as a trademark by Counter-Defendant.

14. Marchex is likely to be damaged by continued registration of said term in that such registration tends to impair Marchex's right to use of said term.

**WHEREFORE**, Marchex requests that:

1. This Court exercise its power under 15 U.S.C.A. § 1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Counter-Defendant U.S. Trademark Registration No. 3,539,156;

2. Marchex be awarded its reasonable attorneys' fees pursuant to 15 § U.S.C. 1117(a); and

3. Such other and further relief be provided to Marchex as this Court may deem just and proper.

| | |
|---|---|
| Dated: December 23, 2011 | DLA PIPER LLP (US) |
| | By: /s/ Tamar Duvdevani |
| |     Tamar Y. Duvdevani |

1251 Avenue of the Americas
New York, NY 10020
Ph: (212) 335-4500
Fax: (212) 335-4001

*Attorneys for Defendant-Counter-Claimant Marchex Sales, Inc.*